IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30141
Summary Calendar
_____

CARRIE EASON, Individually and
as Class Representative,

Plaintiff-Appellant,

versus

ENGINEERED PRODUCTS, INC.;
W C I OUTDOOR PRODUCTS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 99-CV-853
_____

August 23, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

I

This appeal presents intentional tort and defamation claims under Louisiana law. The plaintiff, Carrie Eason, a former plastics worker employed by Engineered Products, Inc. ("EPI"), alleges that she was injured as a result of EPI's "intentional production and management practices" that were "substantially

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certain" to lead to the onset of carpal tunnel syndrome. Eason further alleges that one of EPI's component suppliers, White Consolidated Industries ("WCI"), was jointly liable for her injuries. Specifically, she alleges that WCI supplied EPI with many of the molds that were used by EPI, and her injuries resulted from having to cut excess plastic poured into these WCI molds. Finally, Eason alleges that she was defamed by EPI's publication of false statements to the Louisiana Department of Employment Securities regarding the reason for her termination. The district court granted summary judgment for the defendants. It reasoned that Eason's intentional tort claims were untimely because they were filed more than one year after she became aware of the defendants' conduct and the resulting injuries. We affirm.

II

As an initial matter, we make two observations. First, Eason is procedurally barred from raising a claim for retaliatory discharge under Louisiana's Worker's Compensation scheme because she raised the claim for the first time on appeal. See Daly v. Spraque, 675 F.2d 716, 722 (5th Cir. 1982)(stating that claims "not raised to the district court will not be addressed when presented for the first time at the appellate level"). Second, Eason is barred by the Louisiana Worker's Compensation scheme from alleging any claim for negligence against EPI. See La.Rev.Stat.Ann

2

§ 23:1032(A)(1)(a) (West 2000)(stating that "except for intentional acts . . . the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease. . . shall be exclusive of all other rights, remedies, and claims for damages").

III

We thus turn to Eason's intentional tort claims against EPI and WCI. With respect to Eason's claim against EPI, as we have previously noted, the district court stated:

> Plaintiff's affidavit makes it clear she was aware of the allegedly wrongful conduct on the part of EPI--forcing employees to remove excess flashing caused by production tools in disrepair--before she was officially diagnosed the carpal tunnel syndrome. In addition, Plaintiff became undeniably aware of both damages and causation in April of 1997, when she was formally diagnosed. As such, even though Plaintiff could, at least hypothetically, establish continuous acts on behalf of EPI and resulting damages, her argument still must fail as she had full knowledge of her injury allegedly caused by EPI in April 1997. As such, any entitlement to the continuing tort doctrine would have ended upon diagnosis. As diagnosis occurred over one year prior to filling suit, Plaintiff's action against EPI is time barred.

As to Eason's claim against WCI, the district court stated:

> Plaintiff bears the burden of showing a series of unlawful, continuous, and related acts with resulting continuous damage. This Court finds Plaintiff cannot sustain such a burden. The only act on behalf of WCI that could have conceivably contributed to Plaintiff's condition is that it supplied molds to be used in the machines owned and operated by EPI. Plaintiff has proffered no evidence tending to show any continuous acts on behalf of WCI. The Court finds that supplying molds cannot, as alleged by Plaintiff, constitute the request

3

continuous acts on behalf of WCI.  As the continuing tort doctrine is inapplicable, Plaintiff is not entitled to an extension of the prescriptive period and the claim against WCI is time barred.

We agree with the district court.  Eason alleges that EPI committed the tort by implementing manufacturing practices/procedures that it knew would result in her suffering some form of injury.  Assuming this act constitutes a tort by EPI against Eason, her cause of action matured when Eason suffered the alleged injury--the onset of carpal tunnel syndrome.  There simply were no further tortious acts on the part of EPI that could supply the basis for a continuing tort.

As noted by the district court, it is undisputed that Eason was aware of the allegedly tortious practices of EPI prior to April 1997.  Further, in April 1997, Eason was formally diagnosed with carpal tunnel syndrome and made aware of the fact that the injury was employment related.  Consequently, the statute of limitations began to run in April 1997.  Eason did not file the instant suit until May 13, 1999, a full two years after the latest possible date from which the applicable one year limitations period could arguably have begun.  Her claim against EPI is therefore prescribed.

With respect to WCI, assuming that the act of supplying of molds to EPI constitutes a tortious act, the applicable one-year statute of limitations began to run when Eason became aware of the

4

fact that WCI supplied EPI with the molds that ultimately caused her injury. It is undisputed that Eason was aware of all of the relevant facts as of April 1997. There were no continuing acts on the part of WCI upon which a tort claim could be based. Thus, as noted above, because Eason did not file her claim against WCI until May 1999, any intentional tort claim against WCI is likewise prescribed.

## IV

Finally, with respect to Eason's defamation claim against EPI, Louisiana law is clear: any communication between an employer and the Louisiana Department of Employment Security is privileged so long as the statement was not made in bad faith. See Melder v. Sears, Roebuck & Co., 731 So.2d 991, 999 (La.Ct.App. 4th Cir. 1999). Eason has failed to come forward with any evidence establishing that the allegedly false information published by EPI to the Louisiana Department of Employment Security was conveyed with malicious intent. Therefore, her defamation claim fails as a matter of law.

## V

For the reasons stated herein, the judgment of the district court is

A F F I R M E D.

5